UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAZLLOM KYCYKU, on behalf of himself, individually, and on behalf of all others similarly situated,

Plaintiff,

-against-

164 MULBERRY ST. CORP. d/b/a DA NICO RESTAURANT, and NICHOLAS CRISCITELLI, individually,

Defendants.

**Case No.: 25-cv-6708**

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff MAZLLOM KYCYKU ("Kycyku"), on behalf of himself, individually, and on behalf of all others similarly situated ("Plaintiff," "FLSA Plaintiffs" or "Rule 23 Plaintiffs," where appropriate), by and through his attorneys, JOSEPH & NORINSBERG, LLC, as and for his Complaint against 164 MULBERRY ST. CORP. d/b/a DA NICO RESTAURANT ("Da Nico"), and NICHOLAS CRISCITELLI, individually ("Criscitelli") (collectively, "Defendants"), alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action on behalf of himself and all others similarly situated to recover damages for Defendants' systemic and continuous violations of: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) unlawful tip retention pursuant to the FLSA, 29 U.S.C. §§ 203(m)(2)(B) and 216(b); (iii) the anti-retaliation provision of the FLSA, 29 U.S.C. § 215(a)(3); (iv) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160 *et seq*., and New York Comp. Codes R. & Regs ("NYCRR") Tit. 12, § 146-1.4; (v) the minimum wage provisions of the NYLL, NYLL §§ 198, 652, 12 NYCRR § 146-1.2; (vi) the NYLL's requirement that employees receive one hour's pay at the minimum wage

rate for any day in which the spread of hours exceeds ten, NYLL §§ 652, 198, 12 NYCRR § 146-1.6; (vii) the NYLL's tip credit regulations contained in 12 NYCRR §§ 146-1.3 (a)(1)(i)(a); and (b)(1)(i); (viii) the NYLL's prohibition against an employer or his agent or an officer or agent of any corporation, from directly or indirectly taking any part of the gratuities received by an employee, or retaining any part of a gratuity or of any charge purported to be a gratuity for an employee in violation of NYLL § 196-D; (ix) the anti-retaliation provisions of the NYLL, §§ 215(1) and 740; (x) the NYLL's requirement that employers furnish employees with a wage notice prior to the start of employment, and prior to any change in the employee's hourly rates of pay, containing specific categories of statutorily enumerated criteria under NYLL § 195(1) and NYCRR § 146-2.2; (xi) the NYLL's requirement that employers furnish employees with accurate wage statements or pay stubs containing specific categories of accurate information on each payday pursuant to NYLL § 195(3), as codified in the New York Wage Theft Prevention Act ("WTPA"), and 12 NYCRR § 146-2.3; and (xii) any other claims that can be inferred from the facts herein.

2. Defendants own and operate a popular upscale restaurant located in New York City's Little Italy neighborhood, are engaged in the "restaurant industry" and "hospitality industry," as those terms are defined in the NYLL and implementing regulations, 12 NYCRR § 146 *et. seq*., and employs various hospitality workers, staff and other personnel at its principal place of business located at 164 Mulberry Street, New York, NY 10013.

3. Defendants employed Plaintiff as a server, food runner, bartender, and captain, to perform work within Defendants' restaurant and place of business, from December 2021, through the wrongful termination of Plaintiff's employment on or about March 29, 2025.

4. As outlined herein, Defendants engaged in several unlawful policies and practices which willfully violated the FLSA. First, despite regularly working beyond forty hours in a week,

Defendants failed and refused to pay Plaintiff proper overtime compensation for each hour Plaintiff worked beyond forty each week, resulting in Plaintiff suffering unpaid overtime compensation in willful violation of the FLSA.

5. Second, Defendants engaged in unlawful tip retention pursuant to the FLSA, by their practice of, *inter alia*, unlawfully keeping portions of the total tips received by its customers and intended for its tipped employees, including Plaintiff, violating 29 U.S.C. §§ 203(m)(2)(B) and 216(b).

6. When employees, including Plaintiff, complained to Defendants about the unlawful wage and hour practices, Defendants responded by terminating Plaintiff's employment in direct response thereto, violating the anti-retaliation provision of 29 U.S.C. § 215(a)(3).

7. Plaintiff therefore brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly situated during the applicable FLSA limitations period who suffered damages as a result of the Defendant's willful violations of the FLSA.

8. In addition, Defendants engaged in several unlawful policies and practices which willfully violated the NYLL and NYCRR in several respects.

9. First, Defendants paid Plaintiff at an hourly rate of $10.00 which fell below the applicable New York statutory minimum wage, resulting in Plaintiff suffering unpaid minimum wages for all hours worked in violation of the NYLL and NYCRR's minimum wage provision, 12 NYCRR § 146-1.2.

10. Second, while Defendants sought to apply a 'tip credit' towards Plaintiff's hourly rate to satisfy the minimum wage rate, Defendants' use of a 'tip credit' was invalid as Defendants did not maintain NYLL-compliant documentation to enable them to do so, and worse, failed to

pay Plaintiff the statutorily-adequate hourly base rate to do so, invalidating any purported use or claim to a 'tip credit'.

11. Third, Defendants unlawfully retained portions of tipped employees' gratuities or tips which were intended for Defendants' employees, thereby reducing the total amount of employees' tip pool, and constituting wage theft, in violation of NYLL § 196-D.

12. Fourth, Defendants unlawfully deducted approximately one (1) hour from Plaintiff's regular pay each day for a meal break, which Defendants did not permit Plaintiff to take, resulting in Plaintiff suffering an unlawful deduction of $10.00 per day.

13. Fifth, Defendants failed to pay Plaintiff an additional one (1) hour's pay at the New York minimum wage rate for each day during which Plaintiff's workday exceeded ten hours from start to finish, violating NYLL and NYCRR's spread-of-hours provision, 12 NYCRR § 146-1.6.

14. Sixth, Defendants failed to furnish Plaintiff with an accurate wage notice upon hire, and with accurate wage statements on each payday, separately violating NYLL §§ 195(1), and (3), respectively.

15. Plaintiff therefore brings his NYLL claims pursuant to the class action provisions of Fed. R. Civ. P. 23(b)(3) on behalf of himself and all other similarly situated workers who worked for Defendants in New York.

16. Lastly, Defendants violated the anti-retaliation provisions of the NYLL, §§ 215(1) and 740, by terminating Plaintiff's employment in direct response to his wage repeated complaints about Defendants' continuous failure to pay him all wages owed, including, without limitation, Defendants' theft of portions of his earned tips and improper use of a tip credit, rather than making any effort to remedy or rectify Plaintiff's wage complaints of which Defendants were aware.

## JURISDICTION AND VENUE

17. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201 *et seq.*

18. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

19. Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred in this judicial district.

## PARTIES

20. At all relevant times, Plaintiff worked for Defendants in New York, and was an "employee" entitled to the protections as defined in the FLSA, NYLL, NYCRR, and NYLL's Hospitality Industry Wage Order.

21. As described herein, Defendants serve food and drinks to their customers and are engaged in the "restaurant industry" and "hospitality industry," as those terms are defined in the Labor Law and implementing regulations, including 12 NYCRR § 146-3.1.

22. Defendant Da Nico is a domestic business corporation, engaged in the business of purchasing and selling food, drinks, alcoholic beverages and related products to consumers.

23. At all times relevant, Defendant Da Nico was an is an enterprise engaged in interstate commerce in that Defendant Da Nico (i) has purchased goods, tools, and supplies such as paper goods, food, and beverages, related business items, and tools for its business through the streams and channels of interstate commerce from vendors / suppliers that originated both in and out of New York state, and has had two or more employees engaged in interstate commerce, and/or in the production of goods intended for commerce, and handle, sell and otherwise work with goods

and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00. This status subjects Defendant Da Nico to the FLSA's overtime requirements as an enterprise.

24. By way of one example, Defendant Da Nico regularly required Plaintiff and similarly situated employees to handle, sell, or work with food and other goods for its business, all of which Defendant Da Nico purchased and transported through the ordinary channels of interstate commerce. Moreover, Defendant Da Nico required Plaintiff and similarly situated employees to perform work involving and related to food and consumer goods for Defendant Da Nico's restaurant business, which were and are sold to in and out of state consumers alike, and which subjects Defendants to the FLSA's overtime requirements for individuals.

25. At all relevant times, Defendants employed approximately forty or more employees, including dozens of employees working service on the floor, food preparation workers in the basement, cooks and food preparers in the kitchen, dishwashers, bartenders, and other staff.

26. Accordingly, Defendant Da Nico was and is an employer of Plaintiff within the meaning and intent of the FLSA, NYLL, and NYCRR.

27. Defendant Criscitelli is the owner, operator, manager, and authorized agent of Defendant Da Nico Restaurant.

28. Defendant Criscitelli was and is responsible for overseeing and controlling all of the daily operations of Defendant Da Nico, actively participates in day-to-day operations of Defendant Da Nico, and has final or exclusive power and authority over all final personnel and payroll decisions of Defendant Da Nico.

29. Defendant Criscitelli was responsible for overseeing or exerting direct control over Defendant Da Nico's restaurant business at which Plaintiff worked for Defendant Da Nico.

30. Defendant Criscitelli has the power and authority to directly affect the quality of work conditions and employment of Plaintiff, and all other employees of Defendant Da Nico.

31. Defendant Criscitelli hired Plaintiff to work at Defendant Da Nico, and ultimately terminated Plaintiff's employment there in response to wage-related complaints.

32. Defendant Criscitelli was responsible for the providing of instructions and directions to Plaintiff and to the enterprises' other employees on how and when to perform their job duties, and supervised the work that Plaintiff performed at Defendant Da Nico.

33. Defendant Criscitelli was responsible for the setting and establishing Plaintiff's rate of pay, and paying Plaintiff his wages.

34. Defendant Criscitelli was responsible for setting, establishing and determining Plaintiff's work hours and work schedule.

35. Furthermore, Criscitelli was responsible for maintaining all employment records of Defendant Da Nico, including, without limitation, any and all records relating to Plaintiff's hours worked and pay including tips.

36. Accordingly, at all relevant times hereto, Defendant Criscitelli was the Plaintiff's individual employer within the meaning and the intent of the FLSA, and the NYLL.

## BACKGROUND FACTS

37. Defendant Criscitelli owns and operates Defendant Da Nico, a popular and busy restaurant located in New York City's Little Italy neighborhood - "Da Nico Ristorante" - located at 164 Mulberry Street.

38. Defendants hired and employed Plaintiff initially as a server in December 2021, promoted him to bartender in July 2022, and then promoted him to captain in April 2024, to perform work within Defendants' restaurant business from approximately December 2021,

through the wrongful termination of Plaintiff's employment on or about March 29, 2025.

39. Plaintiff's primary job duties as a server, food runner and bartender tasked him with taking orders, serving customers food dishes, preparing and serving drinks, assisting in all aspects of daily restaurant operations, helping to close the restaurant at the end of each day, and performing miscellaneous job duties for Defendants, including, without limitation, cleaning and inventory and assisting other wait staff. Moreover, in his role as captain, Plaintiff was required to wait for all other staff and customers to leave the restaurant and then lock up at the conclusion of the workday.

40. Throughout Plaintiff's employment with Defendants, Defendants required Plaintiff to work, and indeed Plaintiff did regularly work, a schedule of either five (5) days per week or six (6) days per week, depending on the needs of Defendants' business, and under either scenario consistently working eleven (11) hours per day, from approximately noon or 1:00 PM until approximately 11:00 PM or 12:00 AM.

41. While the Defendants' kitchen closed at around 10:00 PM or 11:00 PM, Defendants required Plaintiff to continue working until midnight or later, particularly in Plaintiff's capacity working as captain.

42. Thus, Defendants required Plaintiff to work in excess of forty hours per week, or specifically, approximately sixty-one (61) hours per week on average from December 2021 through March 2025.

43. Although Plaintiff worked approximately sixty-one (61) hours per week on average from December 2021 through March 2025, Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours worked in excess of forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA, NYLL, and NYCRR.

44. In addition to failing to pay Plaintiff any overtime compensation, Defendants

knowingly undercut Plaintiff's weekly pay by implementing an unlawful policy, practice and system where Plaintiff was prohibited from clocking in for all his days worked to avoid paying Plaintiff proper overtime wages.

45. Specifically, Defendant Criscitelli directed Plaintiff that he cannot clock in for two days per week and prohibited Plaintiff from clocking in all his weekly hours worked, in order to 'avoid working overtime on the books'. As such, during workweeks when Plaintiff worked six days per week, Plaintiff was generally only permitted to clock in for four of those workdays, and during workweeks when Plaintiff worked five days per week, Plaintiff was generally only permitted to clock in for three of those workdays per week.

46. In doing so, Defendants engaged in an unlawful policy and practice of manipulating workers' time records, which in turn, resulted in systematic wage theft with Plaintiff being owed substantial unpaid wages for uncompensated hours worked.

47. Defendants' unlawful practice of time manipulation continued similarly through in or around October 2024, when Defendants began introducing a fingerprint system, while continuing to manipulate workers' recorded hours by, inter alia, altering workers' including Plaintiff's clock-out times from the actual recorded times (often 12:00 AM) to earlier times (such as, by way of example only, 9:30PM), further reducing Plaintiff's compensation. While Plaintiff regularly clocked out around midnight each workday, Defendants often manipulated the end times to 8:00PM, 9:00PM, or 10:00PM without Plaintiff's consent.

*Lunch Break Deduction*

48. Throughout Plaintiff's employment, Defendants did not permit Plaintiff to take any lunch or meal break, let alone a statutorily-required uninterrupted one, as Defendants' place of business was typically very busy from start to finish during each workday.

49. Yet, despite not permitting Plaintiff to ever take any lunch or meal break, Defendants engaged in an unlawful policy and practice of deducting one hour from each of Plaintiff's paychecks for a purported lunch or meal break which Plaintiff never took.

50. When Plaintiff learned of, and complained to Defendants about his paycheck being automatically deducted for a purported lunch or meal break which he was not permitted to take, Defendants informed Plaintiff that, “that’s how it works, lots of places in NY don’t offer breaks.”

51. During Plaintiff's employment with Defendants, Defendants set and paid Plaintiff an hourly rate of $10.00 per hour, which fell below the applicable New York minimum wage rate.

52. In doing so, Defendants purported to, and should have paid Plaintiff, by their own account, $400.00 for his first forty hours worked each week. However, Defendants also engaged in an unlawful policy and practice of illegal timeshaving by only paying Plaintiff the $10.00 hourly rate for his first 32-38 hours worked during a workweek.

53. Furthermore, despite Plaintiff regularly working shifts in excess of ten hours per day, Defendants deducted one hour per day from Plaintiff's paycheck for lunch breaks that were never provided, as Plaintiff was not permitted to take uninterrupted lunch breaks due to the busy nature of the restaurant.

54. Furthermore, despite regularly requiring Plaintiff to work shifts in excess of ten hours in a workday from start to finish, and despite paying Plaintiff at rates that were below the New York minimum wage rate, Defendants never provided Plaintiff with one additional hour's pay at the New York minimum wage rate pursuant to the NYLL's and NYCRR's spread-of-hours provisions.

*Defendants' Tip Violations*

55. Furthermore, in addition to failing to pay Plaintiff overtime compensation and undercutting Plaintiff's hourly wages earned each week, Defendants operated a tip pool which violated the FLSA and the NYLL in several respects.

56. Specifically, Defendants engaged in a pattern of tip theft by: (a) unlawfully removing cash tips from the tip pool without authorization; and (b) failing to provide transparency in tip distribution.

57. By way of example, in January 2025, guests at a large party left a $400 cash tip, and the person who paid the bill separately added a 20% tip totaling $150. Defendant Criscitelli unlawfully removed the $400 from the tip box and only returned $250, keeping $300 in tips that rightfully belonged to the staff.

58. Defendants' conduct with respect to their tip pool practices resulted in Defendants unlawfully retaining tips and gratuities to which Plaintiff and Class members were entitled.

59. In violation of the NYLL, Defendants (i) failed to properly provide tip credit notice at hiring and annually thereafter, (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek, and (iii) failed to provide a proper wage statement with every payment of wages informing Plaintiff and Class members of the precise calculation of tips paid and/or the amount of tip credit deducted for each payment period.

60. On one particularly egregious incident while Plaintiff was working for Defendants, Steve Schirripa took a table with 8 people, which table left a $400 tip. When Mr. Schirripa expressed frustration over the manner in which Defendants' workers received their tips, Defendants reached into the tip pool and removed hundreds of dollars from it. Plaintiff specifically complained to Defendant Criscitelli about this particular incident, resulting in Defendants

summoning Plaintiff into Criscitelli's office to discuss this episode. When Plaintiff complained about the stolen tips, Defendants advised Plaintiff, "you're right but I couldn't tell him no because he is a valuable customer." After Plaintiff demanded corrective action, Defendants advised Plaintiff, "you're right the money should not have been taken from the tip jar, but I don't give a f**k if I get sued."

*Defendants' Retaliation*

61. On several over occasions, Plaintiff raised good faith complaints and concerns about Defendants' unlawful timekeeping and pay practices as described above, including Defendants' improper tip practices, which Defendants' repeatedly failed to address or rectify, and which, worse, resulted in an escalating pattern of retaliation against Plaintiff, which culminated in Defendants' wrongful termination of Plaintiff's employment in direct response and retaliation for Plaintiff's repeated complaints.

62. Defendant Priscitelli's retaliatory termination of Plaintiff's employment occurred during an extremely busy shift where the restaurant was short-staffed and Plaintiff was performing duties beyond his normal responsibilities. On that day, on or about On March 29, 2025, workers, including Plaintiff were instructed to close the garden area because it got cold with managers directing workers including Plaintiff to move furniture from Defendants' garden to upstairs where approximately forty tables had been set up. While another worker was handling one such table, Defendants requested that Plaintiff assist due to the uptick in volume, and under Defendants' direction, Plaintiff placed a bottle of water on a customer's table which Plaintiff was unable to contemporaneously charge the customer for. Plaintiff took responsibility for this, yet Defendant Criscitelli instructed Plaintiff "that's not an excuse, go home."

63. Shortly thereafter, Plaintiff overheard Defendant Criscitelli advising another

coworker in the kitchen that "Mazzy is fired."

64. In doing so, Defendant Criscitelli used a minor incident involving an unbilled bottle of water as a pretext to terminate Plaintiff's employment.

65. Specifically, when Plaintiff explained that he had provided the water to assist another server but had not yet had time to enter it into the system due to being overwhelmed with duties, Defendant Criscitelli refused to accept the explanation and immediately terminated Plaintiff, stating "If you behave like this, you're going to have to leave."

66. Defendant Criscitelli terminated Plaintiff's employment because of Plaintiff's wage and tip complaints and his refusal to remain silent about violations of labor laws.

67. Plaintiff's complaints about wage violations and tip theft to Defendant Criscitelli constituted protected activities under the FLSA and the NYLL.

68. Plaintiff was engaging in statutorily-protected activities by his complaints to Defendant Criscitelli about wage underpayments, tip calculation discrepancies, and unlawful tip retention during meetings in December 2024, January 3, 2025, and January 19, 2025.

69. During these meetings, Plaintiff lodged complaints about improper tip management practices and wage violations while other employees remained silent due to fear of retaliation from Defendant Criscitelli.

70. In direct response to Plaintiff's protected complaints, Defendant Criscitelli became increasingly hostile toward Plaintiff, created a toxic work environment, and ultimately terminated Plaintiff's employment in direct response thereto on or about March 29, 2025.

71. Defendant Criscitelli terminated Plaintiff's employment because of Plaintiff's wage complaints and refusal to continue working for Defendants for lesser pay than to which Plaintiff was entitled by law.

*Defendants' Willfulness and NYLL 195 Violations*

72. Undoubtedly, Defendants' FLSA violations were willful, as further demonstrated by Defendants willfully failing to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL, 12 NYCRR § 146-2.4, and the FLSA in an attempt to conceal their unlawful conduct from Plaintiff and others similarly situated.

73. Moreover, Defendants willfully failed to keep accurate and contemporaneous time and payroll records as required by the FLSA, the NYLL, and 12 NYCRR § 146-2.1, in furtherance of their efforts to conceal their unlawful conduct from Plaintiff and others similarly situated.

74. On each occasion when Defendants paid Plaintiff, Defendants failed to provide Plaintiff with an accurate paystub, wage statement, or other written document, failing to include his actual hours worked, his owed spread-of-hours pay, and his accurate, regular and overtime rates of pay during each pay period - - further indications of Defendants' willful violations of the FLSA and bad faith refusal to attempt to comply with the law.

75. To further conceal their wrongdoing, and in a deliberate attempt to circumvent federal and state labor laws and exploit their workforce, including Plaintiff, on any occasion where Defendants did issue Plaintiff a wage statement, it was insufficient as a matter of law, in that it failed to disclose the actual and total number of hours Plaintiff worked each week, or his overtime rate of pay – and included inaccurate information as to his wages, cash and tips earned, all in violation of the NYLL.

76. Specifically, since Plaintiff's wage statements failed to record the number of overtime hours he worked and made no mention of his compensation at the regular and mandatory rate for overtime hours, Plaintiff's wage statements were plainly insufficient as a matter of law.

77. Plaintiff suffered a concrete injury in fact due to Defendants' failure to provide timely and accurate wage statements on each pay day or an accurate wage notice upon hire because, lacking any real documentation from Defendants that showed his entitlement to be paid for all hours worked, to receive the tips that he earned, and to be notified contemporaneously of his true hours and pay, Plaintiff was unable to meaningfully advocate for himself and others due to the lack of accurate information provided to him during each pay period from Defendants.

78. If the Defendants had provided Plaintiff with an accurate wage notice upon hire indicating, *inter alia*, his lawful right to receive his earned tips, or with paystubs accurately reflecting the actual hours he works and has worked and that he was entitled to be paid for all hours, Plaintiff would have been able to advocate for himself and for his coworkers to be paid higher wages during their employment, exactly as Plaintiff is now doing through this action upon independently learning of his rights.

79. Indeed, Defendants' conduct as outlined herein caused Plaintiff him to lose the time-value of the money he should have earned if he was accurately appraised of and paid for his total hours worked each week.

80. Defendants treated Plaintiff and FLSA Plaintiffs in the same manner as described above.

81. Each hour that Plaintiff and FLSA Plaintiffs worked was for Defendants' benefit.

82. Defendants acted in the manner described herein so as to minimize their overhead while unlawfully maximizing profits.

## COLLECTIVE ACTION ALLEGATIONS

83. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29

U.S.C. § 216(b), on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial workers of Defendants, who during the applicable FLSA limitations period, performed work for Defendants and who consent to file a claim to recover damages for overtime compensation that is legally due to them; and/or liquidated damages that are legally due to them ("FLSA Plaintiffs").

84. Defendants treated Plaintiff and all FLSA Plaintiffs similarly, in that Plaintiff and all FLSA Plaintiffs: (1) performed similar job duties and tasks, as described above; (2) were subject to the same laws and regulations; (3) were paid by Defendants in the same or similar manner; (4) were regularly required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay, for all hours worked per workweek in excess of forty.

85. At all relevant times, Defendants have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at the rate of one and one-half times their respective regular rate of pay for all hours worked each workweek above forty, yet purposefully and willfully chose and choose not to do so.

86. Defendants' willful violations of the FLSA are evidenced by their knowledge that their policies violated the FLSA, and their intentional and/or reckless choice to continue to operate in violation of the FLSA's requirements. Further, discovery will reveal evidence that Defendants blatantly ignored the FLSA's explicit requirement that employees must be paid for *all* hours suffered or permitted to be worked and that underpaying its workers is an illegal practice.

87. The precise number of FLSA Plaintiffs should be readily available from a review of the Defendants' personnel, scheduling, time, and payroll records, and from input received from the collective action as part of the notice and "opt-in" process provided by 29 U.S.C § 216(b).

88. Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

89. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on his own behalf, as well as on behalf of those who are similarly situated who, during the applicable limitations period, were subjected to violations of the NYLL and the NYCRR.

90. Plaintiff seeks certification of the following FRCP 23 class:

> Current and former non-managerial workers who performed any work for any of the Defendants in New York during the statutory period within ("Rule 23 Plaintiffs").

91. All of the requirements under FRCP(b)(3) are satisfied, as set forth below.

92. Moreover, Plaintiff and the Rule 23 Plaintiffs have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendants' common policies, practices, and patterns of conduct. For instance, Plaintiff and the Rule 23 Plaintiffs have suffered a concrete injury in fact and as a result have been actually harmed by Defendants' nonpayment of any proper minimum wages or overtime wages. Specifically, Plaintiff and the Rule 23 Plaintiffs were deprived of their ability to purchase by Defendants' nonpayment of any proper minimum wages or overtime wages, invest said wages, accrue interest on their wages, or otherwise utilize the value that their wages would have held had they been properly paid to Plaintiffs.

### Numerosity & Ascertainability

93. During the applicable NYLL limitations period, the Defendants have, in total, employed at least 40 other employees that are putative members of this class.

94. The precise number of the Rule 23 Plaintiffs is readily ascertainable through a

review of Defendants' personnel, time, and payroll records.

**Common Questions of Law and/or Fact**

95. There are questions of law and fact common to each Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that the Defendants required and require each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff, including whether their rates of pay fell below the New York minimum wage rate; (3) whether the Defendants compensated all overtime wages due to Rule 23 Plaintiffs; (4) whether the Defendants furnished and furnish Rule 23 Plaintiffs with accurate wage notice upon hire or accurate statements on each payday containing the information required by N.Y. Lab. Law § 195(3); (5) whether the Defendants have kept and maintained accurate records of hours worked, wages earned, and tips received by Rule 23 Plaintiffs; (6) whether the Defendants kept and maintained records with respect to the compensation paid to Rule 23 Plaintiffs for each hour worked; (7) whether the Defendants have any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (8) whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of NYLL and WTPA; and (9) if so, what constitutes the proper measure of damages.

**Typicality of Claims and/or Defenses**

96. As described herein, the Defendants employ(ed) Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL. The Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs: work and/or have worked for Defendants in New York; Defendants failed to pay them properly for all regular, overtime hours, spread-of-hours, or gratuities earned; and Defendants did not provide them with accurate wage notices upon hire or wage statements on each pay day as required by applicable law. Plaintiff and

the Rule 23 Plaintiffs enjoy all of the same statutory rights under the NYLL, inclusive of the requirements to be paid at or above the minimum wage, for all compensation due, and to be furnished with accurate wage notices upon hire and wage statements on each payday.

97. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of the Defendants' failure to comply with the NYLL and WTPA. Plaintiff and the Rule 23 Plaintiffs all have suffered injury including lack of compensation and/or untimely compensation due to the Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

## Adequacy

98. Plaintiff, as described herein, worked the same or similar job duties as Rule 23 Plaintiffs throughout their employment with Defendants. Defendants did not pay Plaintiff at least at the minimum wage rate, nor for all overtime hours due, nor did Defendants furnish Plaintiff with accurate wage statements on each payday, which is substantially similar to how Defendants paid and treated the Rule 23 Plaintiffs.

99. Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have also subjected to the treatment alleged herein.

100. Additionally, Plaintiff's counsel, Joseph & Norinsberg, LLC ("J&N"), has substantial experience in the field of employment law. J&N is a well-respected litigation firm that

represents Plaintiffs primarily in a wide variety of employment matters, including individual and class action litigation concerning wage and hour, discrimination, and harassment claims among others. J&N is dedicated to its clients, working tirelessly to achieve the best outcome for them, sometimes at a significant cost to the firm in terms of time, resources, and financial risk. Plaintiffs' counsel has handled hundreds of employment cases in federal districts courts, including dozens of Rule 23 class actions and FLSA collective actions. Accordingly, Plaintiff's counsel will fairly and adequately represent the interests of the putative class and will take all steps necessary to obtain class certification and appointment as class counsel.

**Superiority**

101. A class action is superior to the alternatives, if any, for the fair and efficient adjudication of the controversy alleged herein, because such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of evidence, effort, and expense that numerous individual actions would engender. This action will result in the orderly and expeditious administration of Class claims. Uniformity of decisions will be assured, thereby avoiding the risk of inconsistent and varying determinations. Plaintiff knows of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a class action.

102. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, the Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

103. Any lawsuit brought by a worker based in New York and employed by Defendants would be identical to a suit brought by any other such employee for the same violations. Thus, separate litigation would risk inconsistent results.

104. Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

105. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for the Defendants' benefit.

106. Defendants acted in the manner described herein so as to minimize its overhead while maximizing profits.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the FLSA*

107. Plaintiff and FLSA Plaintiffs repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

108. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b) *et seq*.

109. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

110. As described above, each Defendant is an "employer" within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are "employees" within the meaning of the FLSA.

111. Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet the Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

112. The Defendants' violations of the FLSA as described in this Complaint have been willful and intentional, demonstrated by their failure to post notice of the FLSA's requirements, to maintain accurate contemporaneous time records, and to accurate advise Plaintiff of his rights to be paid. Defendants have not made any good faith effort to comply with their obligations under

the FLSA with respect to the compensation of Plaintiff nor FLSA Plaintiffs.

113. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rate of pay.

114. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages, interest, attorneys' fees, and costs for Defendants' violations of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unlawful Tip Retention in Violation of the FLSA*

115. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

116. Pursuant to 29 U.S.C. § 203(m)(2)(B), "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

117. Moreover, pursuant to 29 U.S.C. § 216(b), "[a]ny employer who violates §203(m)(2)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages."

118. At all relevant times, Defendants violated these sections of the FLSA by its unlawful policies and practices relating to tips, including, *inter alia*, keeping tips received by its employees, to the detriment of its employees and for Defendants' own ill gain.

119. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs who opt-in to this action are entitled to damages for the amount of the sum of any tip credit taken by the employer, and all such tips unlawfully kept by the employer, and an additional equal amount as liquidated damages, in addition to interest, and attorneys' fees resulting from the Defendants' violations.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS

*Violations of the Anti-Retaliation Provisions under the FLSA, 29 U.S.C. § 215(a)(3)*

120. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

121. The Fair Labor Standards Act § 215(a)(3) makes it unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint . . . related to" FLSA's provisions.

122. As set forth above, Defendants retaliated against Plaintiff for engaging in protected activity. Specifically, Defendants terminated Plaintiff's employment in short temporal proximity to Plaintiff's lodging of numerous good faith complaints relating to Defendants' policies and practices relating to payment of employees' wages and earned tips, inclusive of Plaintiff's complaints regarding Defendants' failure to pay him all wages owed, theft of portions of his earned tips, improper use of a purported tip credit, tip calculation discrepancies, and unlawful tip retention practices.

123. On numerous occasions – including, without limitation, during meetings in December 2024, on January 3, 2025, and on January 19, 2025 – Plaintiff raised good faith complaints and concerns about Defendants' unlawful timekeeping and pay practices as described above, which Defendants' repeatedly failed to address or rectify, and which, worse, resulted in an escalating pattern of retaliation against Plaintiff, culminating in Defendants' wrongful termination of Plaintiff's employment in direct response and retaliation for Plaintiff's repeated complaints.

124. Each of Plaintiff's complaints to Defendants concerning wage violations and tip theft as outlined herein constituted engagement protected activities under the FLSA and the NYLL.

125. In direct response to Plaintiff's protected complaints, Defendant Criscitelli

became increasingly hostile toward Plaintiff, created a toxic work environment, and ultimately terminated Plaintiff's employment in direct response thereto on or about March 29, 2025.

126. Defendant Criscitelli terminated Plaintiff's employment because of Plaintiff's wage complaints and refusal to continue working for Defendants for lesser pay than to which Plaintiff was entitled by law.

127. Defendant Criscitelli terminated Plaintiff's employment because of Plaintiff's wage and tip complaints and his refusal to remain silent about violations of labor laws.

128. As a direct and proximate result of Defendants' conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, damages including, but not limited to, lost past and future income, compensation, and benefits.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the NYLL and the NYCRR*

129. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

130. N.Y. Lab. Law § 160 and 12 NYCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

131. Defendants are "employers" within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are "employees" within the meaning of the NYLL and the NYCRR.

132. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action worked in excess of forty hours in a workweek, yet Defendants failed to compensate him/them in accordance with the NYLL's and the NYCRR's overtime provisions.

133. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times his/their regular rate of pay.

134. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are also entitled to liquidated damages, interest, attorneys' fees, and costs for Defendants' violations of the NYLL's and NYCRR's overtime provisions.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Pay Minimum Wages in Violation of the NYLL and the NYCRR*

135. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

136. N.Y. Lab. Law § 652(1) and 12 NYCRR § 146-1.2 prescribe a minimum wage that employers must pay to their employees for each hour worked.

137. As described above, Defendants are "employers" within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs who opt-in to this action are employees within the meaning of the NYLL.

138. As also described above, Defendants did not compensate Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs who opt-in to this action, at the minimum hourly rate required by the NYLL for all hours worked.

139. At the least, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs who opt-in to this action are entitled to payment of at the minimum wage for every hour worked for Defendants pursuant to the NYLL's minimum wage provisions.

140. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs who opt-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the

NYLL's minimum wage provisions.

**SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Pay Spread-of-Hours Pay in Violation of the NYLL and the NYCRR*

141. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

142. N.Y. Lab. Law § 652 and 12 NYCRR § 146-1.6 provide that an employee shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten hours.

143. As described above, Defendants are "employers" within the meaning of the NYLL and NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs who opt-in to this action are employees within the meaning of the NYLL and NYCRR.

144. As also described above, Defendants failed to provide Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs who opt-in to this action with spread of hours pay of one additional hour of pay at the basic minimum hourly rate for each day when their workday exceeded ten hours from start to finish.

145. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs who opt-in to this action are entitled to this extra hour of pay, at minimum wage rate, for all days worked in excess of ten hours.

146. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs who opt-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' failure to pay the required spread of hours pay.

**SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unlawful Tip Practices in Violation of the NYLL and the NYCRR*

147. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and

effect as if more fully set forth herein.

148. Pursuant to 12 NYCRR § 146-1.3, "[a]n employer may take a credit towards the basic minimum hourly rate if a service employee or food service worker receives enough tips and if the employee has been notified of the tip credit as required in section 146-2.2 of this Part."

149. Moreover, § 146-1.3(a) mandates that, "[a] service employee shall receive a wage of at least the hourly Cash Wage rate listed below, and credit for tips shall not exceed the hourly Credit rate listed below, provided that the weekly average of tips is at least the hourly Tip Threshold rate listed below and the total of tips received plus wages equals or exceeds the basic minimum hourly rate pursuant to section 146-1.2 of this Subpart:

$12.50 Cash Wage, $2.50 Credit, $3.25 Tip Threshold on and after December 31, 2018;
$13.35 Cash Wage, $2.65 Credit, $3.45 Tip Threshold on and after January 1, 2024;
$13.75 Cash Wage, $2.75 Credit, $3.55 Tip Threshold on and after January 1, 2025;
$14.15 Cash Wage, $2.85 Credit, $9.55 Tip Threshold on and after January 1, 2026.

150. Furthermore, § 146-1.3(b) mandates that, "[a] food service worker shall receive a wage of at least the hourly Cash Wage rate listed below, and credit for tips shall not exceed the hourly Credit rate listed below, provided that the total of tips received plus the wages equals or exceeds the hourly Total rate listed below:

$10.00 Cash Wage, $5.00 Credit, $15.00 Total on and after December 31, 2018;
$10.65 Cash Wage, $5.35 Credit, $16.00 Total on and after January 1, 2024;
$11.00 Cash Wage, $5.50 Credit, $16.50 Total on and after January 1, 2025.
$11.35 Cash Wage, $5.65 Credit, $17.00 Total on and after January 1, 2026.

151. As described above, Defendants are "employers" within the meaning of the NYLL and NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs who opt-in to this action are employees within the meaning of the NYLL and NYCRR.

152. Also as described herein, Defendants failed to provide Plaintiff and maintain on file

adequate tip notice records, and further, paid Plaintiff an hourly rate of $10.00 below the statutorily required base wage, invaliding Defendants' purported use of any tip credit.

153. Defendants willfully violated NYLL § 193, *et. seq*., and the above NYCRR provisions as described herein, without the written consent of Plaintiff.

154. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs who opt-in to this action are entitled to damages for their unpaid wages resulting from Defendants' unlawful deductions to their regular wages, as well as liquidated damages, interest, and attorneys' fees resulting from Defendants' violations.

**EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANTS**

*Improper Retention of Wages and Gratuities in Violation of the NYLL and the NYCRR*

155. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

156. N.Y. Lab. Law § 193 provides that "no employer shall make any deduction from the wages of an employee" without express written consent, and subject to certain nonapplicable statutorily-enumerated exceptions.

157. Similarly, 12 NYCRR § 146-2.7 provides that "[e]mployers may not make any deductions from wages, except for credits authorized in this Part and deductions authorized or required by law…"

158. Similarly, NYLL § 196-d prohibits employers from retaining, directly or indirectly, any part of an employee's gratuity or any charges purporting to be a gratuity.

159. Similarly, NYLL §§ 190, 191, and 663(1) require that employers pay all wages to their employees in accordance with the terms of their employment.

160. Similarly, as applicable to Plaintiff's employment with Defendants, 12 NYCRR §

146-2.14(e) provides that the, "[e]ligibility of employees to receive shared tips, or to receive distributions from a tip pool, shall be based upon duties and not titles," and that, "[e]ligible employees must perform, or assist in performing, personal service to patrons at a level that is a principal and regular part of their duties, and is not merely occasional or incidental."

161. At all times relevant, Plaintiff performed primary job duties consisting of tipped work, which entitled Plaintiff to a portion of the tips or gratuities generated by the work which Plaintiff performed for Defendants, and which Defendants failed to pay to Plaintiff.

162. As described above, Defendants are "employers" within the meaning of the NYLL and NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs who opt-in to this action are employees within the meaning of the NYLL and NYCRR.

163. Defendants violated the NYLL and NYCRR by unlawfully retaining charges purported to be gratuities for services Plaintiff performed for Defendants' customers, for failing to notify Defendants' customers of Defendants' intention to retain Plaintiff's tips or gratuities, and for failing to keep accurate and contemporaneous records of Defendants' retention of Plaintiff's tips or gratuities.

164. Defendants regularly made unlawful and improper deductions to Plaintiff's regular wages by, *inter alia*, undercutting Plaintiff's weekly pay and failing to pay Plaintiff's wages for all hours which Plaintiff worked.

165. Plaintiff is entitled to recover all tips or gratuities and underpaid or unpaid wages which he earned while working for Defendants but for which he was not compensated.

166. Pursuant to NYLL § 196-d, Defendants are liable to Plaintiff for any and all unlawfully withheld gratuities.

167. Plaintiff is also entitled to liquidated damages, interest, and attorneys' fees for

Defendants' violations of the NYLL's and NYCRR's prohibition of retention of tips and gratuities.

**NINTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Statements in Violation of the NYLL and the NYCRR*

168. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

169. Defendants are "employers" within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are "employees" within the meaning of the NYLL.

170. N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

171. Similarly, 12 NYCRR § 146-2.3 mandates that, "[e]very employer shall provide to each employee a statement, commonly referred to as a pay stub, with every payment of wages," which "must list hours worked, rates paid, gross wages, credits claimed (for tips, meals and lodging) if any, deductions, and net wages."

172. As described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action, with accurate wage statements containing the criteria required under the NYLL, specifically, NYLL § 195(1), *et seq*., and 12 NYCRR § 142-2.3, *et seq*.

173. Specifically, Defendants failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action with accurate wage statements on a weekly basis, and that if/when Defendants did furnish a wage statements, it failed to include, *inter alia*, their actual regular and overtime hours worked, corresponding regular and overtime rates of pay, or a correct

pay period.

174. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt in to this action in the amount of $250.00, per Plaintiff, for each workday that the violations occurred, up to a statutory cap of $5,000.00, per Plaintiff.

**TENTH CLAIM FOR RELIEF AGAINST DEFENDANTS**

*Failure to Furnish Proper Wage Notice in Violation of the NYLL and the NYCRR*

175. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

176. Defendants are "employers" within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are "employees" within the meaning of the NYLL.

177. Both N.Y. Lab. Law § 195(1), and 12 NYCRR § 146-2.2, mandate that employers provide all employees, in writing, in English, and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary, and any other accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

178. As described above, Defendants failed to furnish Plaintiff, Rule 23 Plaintiffs, and

any FLSA Plaintiffs that opt-in to this action, with accurate wage notices containing the criteria required under the NYLL, specifically, NYLL § 195(1), *et seq*., and 12 NYCRR § 142-2.2, *et seq*.

179. Specifically, Defendants failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action with accurate wage notices.

180. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt in to this action in the amount of $250.00, per Plaintiff, for each workday that the violations occurred, up to a statutory cap of $5,000.00, per Plaintiff.

## ELEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS

*Violations of the Anti-Retaliation Provisions under the NYLL § 215*

181. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

182. Defendants are "employers" within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are "employees" within the meaning of the NYLL.

183. New York Labor Law § 215(1) provides that "No employer . . . shall discharge, threaten, penalize, or in any other manner discriminate against any employee because such employee has made a complaint to his employer . . . that the employer has violated any provision of this chapter [the Labor Law]."

184. As set forth above, Defendants retaliated against Plaintiff for engaging in protected activity. Specifically, Plaintiff frequently complained about Defendants' wage violations, as alleged herein, and in direct response to Plaintiff complaining of Defendants' wage violations, Defendants retaliated against Plaintiff by, among other things, lodging verbal threats against Plaintiff, threatening to hit Plaintiff, and unlawfully terminating Plaintiff's employment with

Defendants.

185. These actions, among others, were in direct response to Plaintiff raising informal complaints against Defendants for the failure to pay him, *inter alia*, the premium rates for overtime hours he worked, for all hours worked each day and each week, and for all tips earned, in violation of the NYLL § 160, *et. seq*.

186. Further, the temporal proximity between Plaintiff's complaints and Defendants' aggressive or retaliatory behaviors gives rise to an inference of retaliation.

187. As a direct and proximate result of Defendants' conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, physical and emotional pain and suffering and loss of earnings for which he is entitled to an award of monetary damages and other relief.

**TWELTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Violations of the Whistleblower Protections under NYLL § 740*

188. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

189. New York Labor Law § 740(2) provides that, "[a]n employer shall not take any retaliatory action against an employee, whether or not within the scope of the employee's job duties, because such employee does any of the following: **(a)** discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that the employee reasonably believes is in violation of law, rule or regulation, or that the employee reasonably believes poses a substantial and specific danger to the public health or safety; **(b)** provides information to, or testifies before, any public body conducting an investigation, hearing or inquiry

into any such activity, policy or practice by such employer; or **(c)** objects to, or refuses to participate in any such activity, policy or practice."

190. Plaintiff engaged in protected activity under NYLL § 740 by, as outlined herein, lodging of numerous good faith complaints relating to Defendants' policies and practices relating to payment of employees' wages and earned tips, inclusive of Plaintiff's complaints regarding Defendants' failure to pay him all wages owed, theft of portions of his earned tips, improper use of a purported tip credit, tip calculation discrepancies, and unlawful tip retention practices.

191. On numerous occasions – including, without limitation, during meetings in December 2024, on January 3, 2025, and on January 19, 2025 – Plaintiff raised good faith complaints and concerns about Defendants' unlawful timekeeping and pay practices as described above, which Defendants' repeatedly failed to address or rectify, and which, worse, resulted in an escalating pattern of retaliation against Plaintiff, culminating in Defendants' wrongful termination of Plaintiff's employment in direct response and retaliation for Plaintiff's repeated complaints.

192. Defendants retaliated against Plaintiff for engaging in protected activity.

193. Specifically, Defendants terminated Plaintiff's employment in short temporal proximity to Plaintiff's lodging of numerous good faith complaints relating to Defendants' policies and practices relating to payment of employees' wages and earned tips, inclusive of Plaintiff's complaints regarding Defendants' failure to pay him all wages owed, theft of portions of his earned tips, improper use of a purported tip credit, tip calculation discrepancies, and unlawful tip retention practices.

194. Each of Plaintiff's complaints to Defendants as outlined herein constituted engagement protected activities under NYLL § 740.

195. In direct response to Plaintiff's protected complaints, Defendant Criscitelli

became increasingly hostile toward Plaintiff, created a toxic work environment, and ultimately terminated Plaintiff's employment in direct response thereto on or about March 29, 2025.

196. Defendant Criscitelli terminated Plaintiff's employment because of Plaintiff's wage complaints and refusal to continue working for Defendants for lesser pay than to which Plaintiff and each FLSA Plaintiff was entitled by law.

197. Defendant Criscitelli terminated Plaintiff's employment because of Plaintiff's wage and tip complaints and his refusal to remain silent about violations of labor laws.

198. Defendants' retaliatory actions were deliberate, malicious, and undertaken with reckless disregard for Plaintiff's rights under NYLL § 740.

199. As a direct and proximate result of Defendants' unlawful retaliation in violation of NYLL § 740, Plaintiff has suffered, and continues to suffer, damages, including but not limited to, lost wages, lost benefits, emotional distress, and reputational harm.

200. As a direct and proximate result of Defendants' retaliatory termination, Plaintiff has suffered, and continues to suffer, damages including, but not limited to, lost past and future income, compensation, and benefits.

201. Pursuant to NYLL § 740(4), Plaintiff is entitled to recover all remedies available under the statute, including but not limited to reinstatement to his former position (if applicable), back pay, front pay, liquidated damages, attorneys' fees, costs, and civil penalties.

## DEMAND FOR A JURY TRIAL

202. Pursuant to FRCP 38(b), Plaintiffs, Rule 23 Plaintiffs, and FLSA Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants, and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Designation of this action as a Fed.R.Civ.P. 23(b)(3) class action on behalf of Plaintiff and Rule 23 Plaintiffs, and prompt issuance of notice pursuant to Fed.R.Civ.P. 23(c)(2) to the Rule 23 Plaintiffs, apprising them of the pendency of this action, and tolling of the statute of limitations;

f. Designation of Plaintiff and undersigned counsel as class and collective action representatives under the FRCP and FLSA;

g. All damages that Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs have sustained

as a result of the Defendants' conduct, including all unpaid wages and any shortfall between wages paid and those due under the law that Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

h. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

i. Awarding Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs, their costs and disbursements incurred in connection with this action, as well as their reasonable attorneys' fees, expert witness fees and other costs;

j. Awarding Plaintiff with a service award for his role as class and collective action representative and in recognition for his dedication to the Rule 23 Class and FLSA Plaintiffs and his willingness to come forward as the lead Plaintiff on behalf of the Rule 23 Plaintiffs and FLSA Plaintiffs;

k. Pre-judgment and post-judgment interest, as provided by law; and

l. Granting Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs such other and further relief as this Court finds necessary and proper.

## NY BCL § 630 NOTICE AND DEMAND

Plaintiff hereby gives this notice, in writing, to each shareholder of Defendant, and any of its parents, subsidiaries, or affiliated entities that is served with the summons and complaint in this action, that they intend to hold the shareholders liable under New York Business Corporation Law § 630. This notice is given within one hundred and eighty days after termination of the employment services of Plaintiff.

Plaintiff also demands an examination of the record of shareholders under paragraph (b) of section 624 (Books and records; right of inspection, prima facie evidence) of New York Business and Corporation Law.

An action to enforce such liability shall be commenced within ninety days after the return of an execution unsatisfied against the Defendant upon a judgment recovered against it for such services. The provisions of this paragraph shall not apply to an investment company registered as such under an act of congress entitled "Investment Company Act of 1940."

Dated: New York, New York
August 14, 2025

Respectfully submitted,

**JOSEPH & NORINSBERG, LLC**

By: ______________________

Jon L. Norinsberg, Esq.
Robert Kansao, Esq.
Avraham Y. Scher, Esq.
825 Third Ave, Suite 2100
New York, New York 10022
Tel.: (212) 227-5700
*Attorneys for Plaintiff and Putative Class and Collective*